## Mays v. Hogan.

---

## [26] Mays v. Hogan.

Where a physician sued for professional services, and the defendant requested the judge to charge the jury "that the plaintiff was not entitled to recover unless he proved to their "satisfaction that he was a *regular physician*," but the judge, instead of the word "*regular*," used the words "*skillful and efficient:*" Held, There was no error.

Appeal from Bastrop.

*Hamilton & Hancock,* for appellant.

*Sneed & Oldham,* for appellee.

Lipscomb, J. This was an action brought by the appellee in this court, against the appellant, on an open account for medicines and professional services as a physician rendered to the family of appellant.

The defendant sets up in his answer a great deal of irrelevant matter, not at all pertinent to his defense, whether true or false, and it ought to have been stricken from the proceedings in the court below; and it no doubt would have been done had the attention of the presiding judge been particularly called to it. The only matters material on which there ought to have been any discussion, or on which an issue could have been formed, were *professional skill, services rendered, and the usual charges for such services.* Several points have been

13

presented by the appellant's brief, founded on charges prayed to be given and refused and charges given. We consider that only one of them requires any notice. The counsel for the defendant requested the court to charge the jury "that the plaintiff is not entitled to recover anything of the defendant for his "services and prescriptions as a physician unless he proves to their satisfaction [**27**] "that he is a regular physician." The charge was given as asked, excepting in this: the court substituted "skillful and efficient" in the place of the word "regular." We cannot perceive any error in the substitution. In truth, the words employed by the judge are more expressive and appropriate than the word "regular," if by that term we are to understand one who had gone through the forms of a medical school; because that he may have been, in that sense, a regular physician without skill or efficiency, and that the latter qualifications were certainly most essential to the interests of his patients. We are satisfied that the court below committed no error in the several charges given and refused. It was a case depending entirely on the evidence; and the jury, on the evidence, found a verdict for the plaintiff.

We can perceive no error in the refusal to grant a new trial. There was no contradiction in the evidence on the material matters to be considered by the jury. These were *skill in the physician, services rendered, and charges at the usual rates.*

Judgment affirmed.