ISHAM AUTREY, ADM'R v. G. S. WHITMORE.

It is recognized as a correct principle of law, that a vendor of real estate has
an equitable lien thereon to secure the payment of the purchase-money, and
this lien exists against the vendee and all subsequent purchasers with notice,
actual or constructive. (1 Tex., 329; 4 Tex., 13; 12 Tex., 13; Story's Eq.
Jur., secs. 1224–1230.)

But as the administrator who sells the real estate of his intestate is required
to take a mortgage upon the property sold to secure the payment of the
purchase-money, if he fail to do so, although the fact of the note be recited
in the deed, the vendor's lien is not retained, and it cannot be enforced
against a purchaser from the vendee.

ERROR from Lavaca. The case was tried before Hon.
SAMUEL A. WHITE, one of the district judges.

Autrey, as administrator of Byres, brought suit against
East on a promissory note executed by East and A. W.
Searcy to Autrey, dated February 5, 1861, at twelve
months after date, for $1,000, the same being the purchase-
money of a tract of land bought by W. A. East of Autrey,
as administrator of A. Byres, deceased, and more accurate-
ly described in a deed bearing even date with the note exe-
cuted by Autrey to East, on which note was a credit of
$530, March 21, 1862. The note was as follows:

"$1,000.                          HALLETTSVILLE, TEXAS.

"Twelve months after date I promise to pay to Isham
Autrey, or order, the sum of one thousand dollars, the
same being the purchase-money of a tract of land bought
by W. A. East of said Autrey, as administrator of A. Byres,
deceased, and more accurately described in a deed bearing
even date with this note, executed by said Autrey to said
East.                                         WM. A. EAST,

"FEBRUARY 5, A. D. 1861.          A. W. SEARCY."

The petition alleged the consideration of the note as
above, and set out the metes and bounds of the land, made
reference to the deed of Autrey to East, and gave notice to
produce the same, and prayed judgment against East for
the amount of the note, and to enforce the lien on the tract
of land by the sale thereof.

The appellee, Whitmore, intervened, and contested the
right of Autrey to enforce any lien upon the land, claim-
ing as a purchaser thereof from East for full consideration,
$2,000, without any knowledge or notice of the lien of Aut-
rey; that no mortgage was retained, executed, or recorded
on the land; that independent personal security had been
taken on the note, and thereby the lien had been waived;
that he had used all diligence to inform himself of any in-
cumbrance, but could find none, and claimed as an innocent
purchaser of the premises.

Autrey proved the note sued on, and the deed to East, which recited the execution of the promissory note. Whitmore's purchase of the land from East was admitted, but the month and year of purchase were neither averred nor proved.

The recital in the deed by the administrator was as follows, after reciting sale:

"Now, therefore, know all men by these presents, that in consideration of the premises and the said sum of $1,000 to me in hand paid before the delivery of these presents by the said W. A. East and A. W. Searcy, executing to me their promissory note, due twelve months after date, bearing even date with these presents," &c. ·

The court charged the jury that, the administrator not having taken any mortgage on the land, but only personal security, there was no lien on the land, unless Whitmore had notice of non-payment of the note; that the taking of security without mortgage is a waiver of the lien, and the administrator became liable on his bond.

The jury found the land for the intervenor; the plaintiff appealed.

*Mills, Tevis & Watkins,* for plaintiff in error. — I. The vendor of real estate has an equitable lien thereon for the payment of the purchase-money, and it exists not only against the vendee, but all subsequent purchasers with notice, either actual or constructive. (Story's Eq. Jur., §§ 788, 789, 1217; Neel v. Pickett, 12 Tex., 138; Osborn v. Cummings, 4 Tex., 15; Dunlap v. Wright, 11 Tex., 602; Baker v. Ramey, 27 Tex., 52; Moore v. Raymond, 15 Tex., 554; McKimmons v. Martin, 14 Tex., 318; Briscoe v. Bronaugh, 1 Tex., 326; Wellton v. Williams, 9 Ga., 86; Mc-Alpin v. Burnett, 19 Tex., 500.)

II. The lien may be waived by the vendor of land, and the taking of independent security is presumptive evidence

xxxi—40

of such waiver, but it is not conclusive; it is only *prima facie* evidence of an intent, and the question of such intent is a fact for the jury. (2 Story's Eq. Jur., § 1226; McAckreth v. Symmons, 15 Ves., 342; Nairn v. Prumse, 6 Ves., 759; Garson v. Green, 1 Johns. Ch., 308; 4 Kent's Com., § 58, pp. 152, 153, 3d ed.)

III. If the security is taken for the money the burden of proof has been adjudged to lie on the vendee, to show that the vendors agreed to rest on that security, and to discharge the land. (Hughes v. Kearney, 1 S. & L., 135; Saunders v. Leslie, 2 B. & B., 514.)

IV. But in this case all idea of the waiver of the lien or presumptions of intent are dispelled by the fact, that the taking of the security on notes by the administrator was done in compliance with law and order of court. (Paschal's Dig., Art. 1333.)

*Ballinger & Jack,* for the defendant in error.—The statute on the subject of sale of property on credit by administrators is as follows:

"Whenever an executor or administrator sells property of the estate he represents on credit, either under the direction of the will of the testator or under an order of the chief justice, he shall take the note of the purchaser for the amount of his purchase with good personal security; and if land or slaves have been sold, he shall also take a mortgage upon the property sold to secure the payment of the purchase-money. And if the executor or administrator shall neglect to take such note, security, and mortgage, he and the securities on his bond shall be liable at the suit of any person interested in the estate, for the use of the estate, for the amount of such sales." (Paschal's Dig., Art. 1333.)

The case of Parker County v. Sewell, 24 Tex., 238, is precisely in point, and is decisive of this case. "That taking * * the responsibility of a third person is evidence

that the seller did not repose upon the lien, but upon independent security, and it discharges the lien." (Brown v. Gilman, 4 Wheat., 201.)

"The lien is waived where a note or bond is taken of the vendee for the purchase-money, in which a third person joins as security." (Fish v. Howland, 1 Paige, 20; Johnson v. Sugg, 13 S. & M., 346; Francis v. Hazeling's Ex's, Hardin, 48; (citing 2 Wash., 144;) McClure v. Harris, 12 B. Monr., 265; Marshall v. Christmas, 3 Humph., 617; Vail v. Foster, 4 Comst., 312.)

CALDWELL, J.—It is recognized as a correct principle of law, that a vendor of real estate has an equitable lien thereon, to secure the payment of the purchase-money, and this lien exists against the vendor and all subsequent purchasers with notice, actual or constructive. (1 Tex., 329; 4 Tex., 13; 12 Tex., 13; Story's Eq., § 1216–1226.)

This is the doctrine of courts of equity. Its origin dates back beyond the system of registration, now so universal in this country, and it may be safely said, that the reasons which gave rise to it no longer exist. Hence it is that some of our most eminent jurists, while greatly deploring the existence of such a doctrine, admit that it is now too firmly engrafted on our system of jurisprudence to be disturbed otherwise than by legislative action.

It seems to us, therefore, that a rule which gives rise to vague and conflicting equities, to uncertainty and confusion in titles, ought not to be extended, so as to embrace a class of cases specially provided for by direct and positive statutory provisions. Neither natural justice nor necessity requires it.

It follows, then, in our view, that the doctrine of "vendor's lien" does not apply in this state to sales of real estate by an administrator under the orders of the probate court. The administrator is required to "take a mortgage upon the property sold, to secure the payment of the purchase-

money," and should the administrator neglect to take such "mortgage," he and his securities are liable on their bond to "any person interested in the estate." (Paschal's Dig., Art. 1333.) To hold otherwise would be to charge an innocent subsequent purchaser with the delinquency of an administrator, and in effect be a judicial repeal of a statute coming within the legitimate scope of legislative power. It is insisted on, however, that the recital in the deed was sufficient to put a prudent man on inquiry. Having excluded administrator's sales from the general rule, to this it is sufficient to reply, that the record of deeds disclosed no mortgage retained as the law required, and the subsequent purchaser of the administrator's vendee had a right to presume that none existed. He stands upon the law, and is entitled to its protection. The judgment of the court below is in all things

AFFIRMED.